NOT DESIGNATED FOR PUBLICATION

No. 121,969

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JON A. BUCHANAN SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed July 31, 2020. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., MCANANY, S.J., and BURGESS, S.J.

PER CURIAM: Jon A. Buchanan Sr. appeals his presumptive sentence and jail time credit after pleading no contest to possession of methamphetamine. We granted Buchanan's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State did not respond. Finding no error, we affirm the district court's judgment.

On May 1, 2019, Buchanan pled no contest, under a plea agreement, to possession of methamphetamine in exchange for dismissal of other charges. The charge stemmed from items Buchanan had on him when law enforcement arrested him for a "parole warrant" issued for failing to contact his parole officer.

1

On June 25, 2019, the district court sentenced Buchanan to the presumptive 36 months' imprisonment with 12 months' postrelease supervision. At the hearing, Buchanan argued that he should receive credit against his postrelease sentence in another case for the time he was held on the present case. The district court denied that motion.

On appeal, Buchanan claims the district court "abused its discretion by imposing the plea based sentence and failing to find grounds to *sua sponte* depart from the presumptive term." But based on the crime severity level and his criminal history score, Buchanan's presumptive sentence was 32 to 36 months' imprisonment. See K.S.A. 2019 Supp. 21-6805. Further, the State and Buchanan agreed to the aggravated presumptive sentence in the plea agreement which was accepted by the district court. This court is precluded from reviewing a sentence that is within the presumptive sentence for the crime or a sentence resulting from a plea agreement between the State and the defendant which the sentencing court approved on the record. K.S.A. 2019 Supp. 21-6820(c). As such, this court has no jurisdiction to review Buchanan's sentence.

Buchanan also claims the district court erred "by refusing to grant additional jail credit." But Buchanan concedes that this claim is precluded by *White v. Bruce*, 23 Kan. App. 2d 449, Syl. ¶ 2, 932 P.2d 448 (1997) (stating "an individual on postrelease supervision for a felony cannot receive credit against an unrevoked term of such postrelease supervision for time spent incarcerated on another charge which results in a conviction and sentence"), and we affirm the denial of jail time credit.

In sum, after reviewing the record, we lack jurisdiction to review Buchanan's sentence on appeal and Buchanan has failed to show that he is entitled to receive additional jail credit based on his argument in his motion for summary disposition.

Affirmed in part and dismissed in part.